**In the Matter of Charlyn Anne BOOHER, Debtor.**

**E. James WAMPLER, Trustee in Bankruptcy, Plaintiff,**

v.

**Charlyn Anne BOOHER and the City Loan & Savings Company, Defendants.**

**Bankruptcy No. 3–79–183(b).**

United States Bankruptcy Court, S. D. Ohio, W. D.

July 17, 1980.

E. James Wampler, Dayton, Ohio, trustee-plaintiff.

Milton E. Sprowl, Janice L. Jessup, Dayton, Ohio, for defendants.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### FACTS

The facts are not in controversy, having been submitted by stipulation and pretrial order, but the pertinent details will be recounted.

Charlyn Anne Booher, divorced and unremarried, filed a voluntary petition in bankruptcy on 2 February 1979. Prior thereto her Thunderbird boat had been stolen. It had been covered by a theft insurance policy issued by Auto Owners Mutual Insurance Company (not a party to the instant litigation).

The policy contained a loss payable clause to The City Loan & Savings Company, which had a duly perfected security interest against the boat at the time of the loss.

On 7 February 1979 Debtor presented a claim to the insurance company for the loss; and, on 27 April 1979 a draft for $2,400.00 was issued by the company to Debtor and City Loan. From the proceeds, City Loan retained $1,877.59 and Debtor the balance, which was then shared with her ex-husband (who also is not a party in the instant litigation).

All of these insurance transactions were conducted by the parties without any consideration or reference to E. James Wampler, the Trustee in Bankruptcy. It was only by diligence and perseverance that the exact details surrounding the receipt and use of estate funds were detected by him, giving rise to the Complaint now at issue.

### DECISION

The Plaintiff Trustee seeks a return of the entire insurance proceeds from both Debtor and City Loan.

### I

Despite the loss payable clause in the insurance policy running to City Loan, the Trustee urges that the security interest on "proceeds" was not validly perfected under the rationale of the decision by this Court on similar facts *In re Whitacre, 21 U.C.C. Rep. Serv. 1169 (1976, at Dayton)*. Without laboring the principles therein rationalized, we are constrained now to hold that decision is no longer controlling. Since the date of the decision, Ohio Revised Code Section 1309.25(A) was amended by adoption of the "1972 amendments" to Article 9 (U.C.C. 9–306) of the Uniform Commercial Code, effective 1 January 1979. Among innumerable other changes, this statute now provides that *"insurance payable by reason of loss or damage to the collateral is proceeds* except to the extent that it is payable to a person other than a party to the security agreement."  [emphasis added].

## II

Debtor defends her actions in ignoring the Trustee by claiming that the proceeds commandeered by her were exempt under Ohio Revised Code § 2329.81. We note that there was never any such exemption claimed by Debtor in her schedules, or otherwise, before the instant litigation and extrajudicial disposition. We note further that this exemption cannot exceed $500.00 in any event.

Even more seriously, however, we are constrained to find that the Debtor, being unmarried, cannot qualify to make such a claim under § 2329.81. See decisions by this court *In re Steele, Case No. B–3–77–158 (1977, at Dayton) and In re Washington, 3 Bankruptcy Court Decisions 885 (1977, at Dayton).*

*ORDERED, ADJUDGED AND DE-CREED*, that Plaintiff's complaint against Defendant, The City Loan & Savings Company, is denied.

*ORDERED, ADJUDGED AND DE-CREED*, that Plaintiff's complaint against Charlyn Anne Booher, should be, and is hereby, granted and turnover judgment is entered accordingly for $522.41.