**In the Matter of Lewis RIDGWAY**

**Paul D. GILBERT, Trustee, Plaintiff,**

**v.**

**ASSOCIATES FINANCIAL SERVICES CORPORATION, Defendant.**

**Bankruptcy No. 381–00137.**
**Adv. No. 381–0455.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Sept. 2, 1982.

Paul D. Gilbert, Dayton, Ohio, pro se.

R. H. Hammond, Dayton, Ohio, for defendant.

## FACTS

ELLIS W. KERR, Bankruptcy Judge.

This adversary proceeding comes before the Court upon the Trustee's complaint to recover an alleged preferential transfer to the Defendant, Associates Financial Services Corporation. The parties have submitted the matter to the Court on the basis of "Stipulations of Fact" and memoranda of law.

The Stipulations provide the following basic facts:

1.  On January 21, 1981 the Debtor (not a party to this adversary proceeding) filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code;

2.  On December 19, 1980 Debtor's automobile was damaged. At the time of the casualty, Defendant, Associates Financial Services Corporation, had as security for a loan made by it to the Debtor, a valid security interest in the Debtor's automobile;

3.  At the time Debtor's motor vehicle was damaged, it was insured by Nationwide Insurance Company. Subsequently, the Debtor and an adjustor for Nationwide Insurance Company agreed that the Debtor's motor vehicle was "a total loss" and that the value of the loss was $350.00. Said insurance policy was obtained by the debtor and not by the Defendant, Associates Financial Services Corporation. However, the Defendant was named in the policy as a payee under a loss payable clause;

4.  On approximately January 13, 1981 Nationwide Insurance Company sent a check in the amount of $350.00 to the Debtor. The check, however, listed only the Debtor as a payee;

5.  The Debtor received the check on approximately January 15, 1981 and endorsed the check, payable to Defendant, Associates Financial Services Corporation, on January 19, 1981. At that time Defendant released the lien it had on Debtor's automobile.

## CONCLUSIONS OF LAW

Apparently, the Plaintiff-Trustee is taking the position that the Defendant did not

have a security interest in the insurance proceeds and should therefore be treated as a creditor with an unsecured claim. The Trustee states in his brief that—

> "Clearly by the undisputed facts the check in question was payable to the debtor and he in turn transferred it to defendant. It is not relevant whether the check should or could have been made to defendant under the terms of the insurance policy because at most the insurance company would have a cause of action against the debtor for money paid under a mistake of fact or law."

We do not agree with the Trustee's contention.

The relevant Ohio law in this matter is O.R.C. 1309.25 (U.C.C. 9–306), which reads in part as follows:

> "PROCEEDS DEFINED; SECURED PARTY'S RIGHTS ON DISPOSITION OF COLLATERAL"
>
> (A) "Proceeds" includes whatever is received upon the sale, exchange, collection, or other disposition of collateral or proceeds. *Insurance payable by reason of loss or damage to the collateral is proceeds*, except to the extent that it is payable to a person other than a party to the security agreement. Moneys, checks, deposit accounts, and the like are "cash proceeds." All other proceeds are "noncash proceeds."
>
> (B) Except where sections 1309.01 to 1309.50 of the Revised Code otherwise provide, a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.
>
> (C) The security interest in proceeds is a continuously *perfected security interest if the interest in the original collateral was perfected but it ceases to be a perfected security interest and becomes unperfected ten days after receipt of the proceeds by the debtor unless*:
>
> (1) a filed financing statement covers the original collateral and the proceeds are collateral in which a security interest may be perfected by filing in the office or offices where the financing statement has been filed and, if the proceeds are acquired with cash proceeds, the description of the collateral in the financing statement indicates the types of property constituting the proceeds; or
>
> (2) a filed financing statement covers the original collateral and the proceeds are identifiable cash proceeds; or
>
> (3) the security interest in the proceeds is perfected before the expiration of the ten day period. Except as provided in this section, a security interest in proceeds can be perfected only by the methods or under the circumstances permitted in sections 1309.01 to 1309.50 of the Revised Code for original collateral of the same type. (Emphasis Supplied)

\* \* \*

The second sentence of division (A) of the statute, regarding insurance proceeds, was added to the Official Uniform Commercial Code in 1972 and later adopted by the Ohio legislature. The intent of this statutory addition was to overrule cases which had held proceeds of insurance on collateral not to be "proceeds" of the collateral. The statute also treats a filed claim to be original collateral as constituting *automatically* a filing as to proceeds for at least a 10 day period. (*See* Draftsmen's Statement of Reasons for 1972 Changes in Official Text, U.C.C. Art. 9, p. 125)

█ The facts of the instant case fall squarely within the statute. The insurance proceeds were paid by reason of loss or damage to the collateral and were therefore "Proceeds" under O.R.C. 1309.25 (U.C.C. 9–306). The fact that the check was made payable to the Debtor instead of the Defendant, does not disqualify the check as proceeds, because the check was made payable to *a party to the security agreement* as required by the statute. The Debtor endorsed the check over to the Defendant within 10 days of its receipt, prior to the expiration of the defendant's automatic

perfection in the proceeds. It is therefore unnecessary to examine the subdivisions of division (C) of the statute regarding methods of perfecting a security interest in proceeds once the 10 day period has terminated. At all relevant times, then, Defendant maintained a continuously perfected security interest in the proceeds of the collateral pursuant to O.R.C. 1309.25 (U.C.C. 9–306).

As a result of Defendant's perfected security interest in the insurance proceeds, the transfer which the Trustee seeks to avoid does not fulfill the fifth element of a preferential transfer under 11 U.S.C. § 547, i.e. the transfer did not enable the creditor to receive more than he would have received under the distributive provisions of Chapter 7 of the Bankruptcy Code. [*Accord: In re Booher*, 5 B.R. 254 (Bankr.S.D. Ohio 1980)] The Defendant, being secured, received the same amount as it would have under the provisions of Chapter 7 of the Bankruptcy Code and is therefore entitled to retain the payment of $350.00.

These conclusions require judgment in favor of the defendant. Entry of Judgment will be set forth in a separate document as required by Rule 921 Rules of Bankruptcy Procedure.